Circuit Court for Allegany County
Case No. 01-C-12-036780

IN THE SUPREME COURT

OF MARYLAND

Petition No. 293

September Term, 2023

---

WAYNE RESPER

v.

SECRETARY, DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONAL SERVICES

---

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

---

PER CURIAM ORDER

---

Filed: March 25, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

WAYNE RESPER

v.

SECRETARY, DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONAL SERVICES

\* IN THE

\* SUPREME COURT

\* OF MARYLAND

\* Petition No. 293
\* September Term, 2023

\* (No. 1732, Sept. Term, 2023
Appellate Court of Maryland)

\* (Cir. Ct. No. 01-C-12-036780)

\*

O R D E R

In the Circuit Court for Allegany County, the petitioner, Wayne Resper, filed a motion to set aside a prior order that required him to seek leave of court before filing new papers. When that motion was denied in an order dated September 23, 2023, Mr. Resper simultaneously filed documents titled "Notice of Appeal" and "Application for Leave to Appeal." Both documents were directed toward the circuit court's September 23, 2023 order. Because the petition could proceed only pursuant to an application for leave to appeal in this action, this Court will address the combined filing as an application for leave to appeal.

The circuit court then entered an order, dated November 3, 2023, in which the court: (1) noted Mr. Resper's filing; (2) stated that Mr. Resper, having been found to be a frivolous filer pursuant to § 5-1005(a) of the Courts & Judicial Proceedings Article, was not permitted to "file any further civil actions without leave of court" (quoting Md. Code

Ann., Cts. & Jud. Proc. § 5-1005(c)(1)); and (3) stated that the court "declines to grant leave in this action."

The Appellate Court treated the circuit court's November 3 order as effectively striking the petitioner's application for leave to appeal. Accordingly, the Clerk of the Appellate Court issued an order administratively closing the case. Mr. Resper then sought review in this Court pursuant to a petition for writ of certiorari.

After initial consideration of the petition, the Court requested that the Department of Public Safety and Correctional Services respond to the following question: "Whether the Court should issue a writ of certiorari on the question of whether Md. Code Ann., Cts. & Jud. Proc. § 5-1005 applies to notices of appeal." The Department submitted a response in which its primary argument was that this Court lacked jurisdiction to entertain the petition. The Department argued that this Court should consider the Appellate Court's action as a denial of an application for leave to appeal, which is not subject to further review in this Court. *See Mahai v. State*, 474 Md. 648 (2021). However, the Appellate Court did not consider Mr. Resper's application for leave to appeal at all, much less exercise its discretion to deny the application. Instead, the Appellate Court administratively closed the case based on the circuit court's order declining to grant leave to appeal.

In footnote 4 of the Department's answer to the petition, the Department acknowledged that the circuit court lacked the authority to deny Mr. Resper's filing "on the purported § 5-1005 grounds or otherwise." The Department explained:

[T]he appellate court has the power to deny an application for leave to

appeal under Rule 8-204. Even if treated as a notice of appeal, Rule 8-203 grants power to the circuit court to strike notices of appeal for four reasons that are procedural or ministerial in nature. A circuit court is not permitted "to preclude review of its own decision by striking an appeal because it believes . . . that the appellant is not entitled to take the appeal, or for any other reason . . . other than the four articulated in Rule 8-203[.]" *County Comm'rs of Carroll County v. Carroll Craft Retail, Inc.*, 384 Md. 23, 42 (2005). In all other cases, "it is the appellate court that must order the dismissal." *Id.* None of the reasons enumerated in Rule 8-203 were invoked here.

This Court agrees that the circuit court lacked the authority to deny or strike Mr. Resper's application for leave to appeal pursuant to § 5-1005 of the Courts & Judicial Proceedings Article.

Accordingly, upon consideration of the petition and the response, it is this 25th day of March 2024, by the Supreme Court of Maryland,

ORDERED that the petition is granted; and it is further

ORDERED that the order of the Appellate Court of Maryland administratively closing the appeal record is vacated; and it is further

ORDERED that this case is remanded to the Appellate Court with instructions to vacate the circuit court's November 3, 2023 order and direct the circuit court to transmit the record on appeal. Thereafter, the Appellate Court can address Mr. Resper's application for leave to appeal in the ordinary course.

                                                           _/s/ Matthew J. Fader_
                                                                Chief Justice